UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-2366 JGB (SPx)** | Date | September 30, 2025 |
| Title | *Madonna Hanes v. Rosa Washington, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order REMANDING Case to San Bernadino County Superior Court (IN CHAMBERS)

Before the Court is a Notice of Removal filed by Defendant Bernard Augustine ("Defendant"). ("Removal Notice," Dkt. No. 1.) After considering the Removal Notice, the Court sua sponte REMANDS the case to the Riverside County Superior Court.

## I.   BACKGROUND

On September 9, 2025, Madonna Hanes ("Plaintiff") filed a complaint for unlawful detainer against defendants Rosa Washington, Kenneth Washington, Bernard Augustine, and Yesenia Augustine in the Superior Court of the State of California, County of Riverside. (Id. at 5.) On September 9, 2025, Defendant removed the action to this Court pursuant to federal question jurisdiction. (Id. at 2.) Defendant additionally filed a request to proceed in forma pauperis.[1]  (Dkt. No. 3.)

//
//
//

---

[1] The Court is in receipt of Plaintiff's motion to remand (Dkt. No. 4.) However, two of the four pages of the document are illegible in violation of L.R. 11-.3.1 and the document appears to have been filed by Defendant. Accordingly, the Court **STRIKES** Plaintiff's motion to remand.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).

A removing defendant must file a notice of removal within thirty days after receipt of the initial pleading.  Id. § 1446(b).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(b)(3).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014).  The court must resolve doubts regarding removability in favor of remanding the case to state court.  Id.

## III.  DISCUSSION

Defendant contends that removal is proper under 28 U.S.C. §§ 1441 and 1446.  (See Removal Notice at 2.)  Defendant alleges claims under the Fair Housing Act and violations of the Fourteenth Amendment.  (Id. at 2.)  However, the only claim raised in Plaintiff's complaint is for unlawful detainer.  (Id. at 5.)  Under the "well-pleaded complaint rule," federal jurisdiction only arises "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1089 (9th Cir. 2002) (citing Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).  Because Plaintiff only raises a state claim in the complaint, the Court may not exercise jurisdiction over this action.  Defendant may not raise federal claims in a notice of removal in an attempt to create federal jurisdiction.  Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 83 (2002) (holding that neither a counterclaim nor an answer can serve as the basis for federal jurisdiction).  Even if Defendant could properly raise such claims in a notice of removal, the Court would dismiss them for failing to state a claim under Fed R. Civ. P. 12(b)(6).  Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

Accordingly, the Court sua sponte **REMANDS** the action to the Superior Court of California, County of Riverside and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**